CHIASSON, Judge.
Plaintiffs Myrtle Andrus, Evelyn Prague, Susan Devall, and Harmon Devall, filed this civil action seeking recovery of portions of bonuses and rentals under a mineral lease executed by defendant Ashland Plantation, Inc., in favor of Chevron Oil Company. Plaintiffs contend that they are entitled to such monies under the terms of an act of sale of their interest in the leased property in 1969 to defendants, Kenneth H. Kahoa and J. King Woolf, Jr., who subsequently sold the property to Ashland Plantation, Inc. The basis for their claim is set forth in their petition as follows:
“III.
“By the terms of said sale, the sellers reserved an undivided one-half (Vfe) interest in and to all the outstanding minerals, the other undivided one-half (V2) interest being conveyed to purchasers, who had the exclusive right without the necessity of securing the joinder or consent of sellers to enter into any oil, gas and mineral leases as they deemed fit, provided, however, that no lease be executed for less than a one-sixth (Veth) royalty.”
Defendants filed Peremptory Exceptions of No Cause of Action and of Prescription. The exception of no cause of action was based upon the assertion that the act of sale conveyed to vendees the executive right to grant mineral leases without a reservation by vendors of any right to bonuses or rentals. The district court maintained defendants’ Peremptory Exception of No Cause of Action and dismissed plaintiffs’ suit at their costs. Plaintiffs appealed.
Plaintiffs submit that the district court erred in maintaining defendants’ exception of no cause of action. They argue that they are entitled to portions of the bonuses and rentals under the terms of the act of sale.
Plaintiffs admit in brief that the district court’s ruling would be correct if Article 105 of the Louisiana Mineral Code[1] was applicable to the act of sale at issue herein. That article provides, inter alia:
“The executive right is the exclusive right to grant mineral leases of specified land or mineral rights. Unless restricted by contract it includes the right to retain bonuses and rentals.”
However, the act of sale at issue herein was executed prior to the enactment of the Mineral Code. Plaintiffs argue that application of article 105 would divest them of a vested right to portions of the bonuses and rentals and impair the obligation of the act of sale, all in contravention of Article 214 of the Mineral Code.
Hence, the ultimate issue for our review is whether or not, under the law as it existed prior to the enactment of the Mineral Code, plaintiffs are entitled to portions of the bonuses and rentals under the terms of the act of sale as set forth in their petition.
Prior to the enactment of the Mineral Code, the two leading cases interpreting executive right provisions were Ledoux v. Voorhies, 222 La. 200, 62 So.2d 273 (1952) and Mt. Forest Fur Farms of America v. Cockrell, 179 La. 795,155 So. 228 (1934). In these cases, the Louisiana Supreme Court found that the plaintiffs (holders of mineral interests) were not entitled to mineral lease bonuses and rentals under clauses in acts of sale which authorized others to execute mineral leases without expressly reserving unto plaintiffs the right to such monies.
In their petition, plaintiffs state that the act of sale gave to vendees “the exclusive right without the necessity of securing the joinder or consent of sellers to enter into any oil, gas and mineral leases as they deemed fit.... ” The grant of an exclusive right to execute a mineral lease carries with it the right to retain bonuses and rentals unless specified as being excepted from the grant. See Ledoux v. Voorhies, supra, and *1196 Mt. Forest Fur Farms of America v. Cockrell, supra.
There is no allegation in plaintiffs’ petition that they expressly excepted from the grant any rights to bonuses or rentals. The act of sale is not part of the record and, because this case is before us on an exception of no cause of action, we accept as true all well pleaded allegations of plaintiffs’ petition. The petition establishes that no such exception was made in the act of sale.
Therefore, according to the law as it existed prior to the enactment of the Mineral Code, plaintiffs are not entitled to bonuses or rentals under the terms of the act of sale. Moreover, the same result is obtained under Article 105 of the Mineral Code, which is itself based upon this prior juiis-prudence. See Official Revision Comment, Article 105, Louisiana Mineral Code; Hardy, “Highlights of the Mineral Code Recommendations: A Guide to the More Important Suggested Changes and Elaborations,” 32 La. Law Rev. 542 at 578 (1972). Hence, the district court did not err in maintaining defendants’ Peremptory Exception of No Cause of Action.
Plaintiffs next complain of the trial judge’s denial of their timely request for written reasons for judgment. We are unable to determine the merits of this complaint because no such request is contained in the record before us.
For these reasons, the judgment of the district court is affirmed. Costs of this appeal are to be borne by plaintiffs.
AFFIRMED.

. La.R.S. 31:105.